# In the United States Court of Federal Claims

No. 23-525
Filed: April 26, 2023

**TERESA MILLER,**

    *Plaintiff,*

v.

**THE UNITED STATES,**

    *Defendant.*

## MEMORANDUM OPINION AND ORDER

    The Court interprets pro se Plaintiff Teresa Miller's ("Ms. Miller") Complaint, (Compl. ECF No. 1), to allege that she was wrongfully convicted of and imprisoned for firearms offenses, that her underlying criminal case was mishandled, and that conditions during incarceration were less than ideal. Nothing in Ms. Miller's Complaint discernably establishes subject-matter jurisdiction. Accordingly, the Court dismisses Ms. Miller's Complaint pursuant to RCFC 12(h)(3).

    The Court has "an independent obligation" to ensure subject-matter jurisdiction exists. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Therefore, the Court analyzes pleadings to determine if the allegations invoke the Court's limited jurisdiction which only extends to claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the United States; or (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money by the United States. *Ontario Power Generation, Inc. v. United States*, 369 F.3d 1298, 1301 (Fed. Cir. 2004).

    Although a pro se plaintiff's pleadings are generally held to "less stringent standards" than those of a lawyer, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), leniency cannot be extended to relieve pro se plaintiffs of their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Should the Court determine at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. RCFC 12(h)(3); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (finding that the court may act *sua sponte* when jurisdiction is lacking).

    Ms. Miller's Complaint presents a detailed timeline of a criminal conviction that was ultimately overturned on procedural grounds. *See United States v. Miller*, 54 F.4th 219, 232 (4th Cir. 2022) (vacating conviction and sentence because extension of traffic stop was not supported by reasonable suspicion). Ms. Miller requests $276,715.75 in damages "for wrongful

incarceration due to illegal search and seizure." (Compl. at 15). However, Ms. Miller's unjust conviction claim pursuant to 28 U.S.C. § 1495 is factually unsupported.[1]

Section 1495 confers jurisdiction on the United States Court of Federal Claims over claims seeking monetary damages for unjust conviction and imprisonment but only when plaintiffs also meet the jurisdictional requirements of 28 U.S.C. § 2513.[2] *See Grayson v. United States*, 141 Ct. Cl. 866, 869 (1958) (finding that section 1495 confers jurisdiction "only in cases where there has been conviction and in which the other conditions set out in section 2513 are complied with"). The jurisdictional requirements of section 2513, in turn, are "strictly construed" and place "a heavy burden . . . upon a claimant seeking relief . . . ." *Humphrey v. United States*, 52 Fed. Cl. 593, 596 (2002), *aff'd*, 60 F. App'x 292 (Fed. Cir. 2003). Section 2513 requires Ms. Miller show that her conviction has been reversed or set aside on the ground that she is *not guilty* of the offense that she was convicted for. 28 U.S.C. § 2513(a). Plaintiffs may establish jurisdiction under section 2513 by alleging that they "did not commit any of the acts charged," that their conduct did not constitute "offense against the United States, or any State, Territory or the District of Columbia," and that their "misconduct or neglect [did not] cause or bring about [their] own prosecution." *Id*. Critically, section 2513(b) mandates that plaintiffs establish proof of such facts by providing a certificate of innocence from the district court. *See Brewer v. United States*, No. 2021-1872, 2023 WL 2233717, at *1 (Fed. Cir. Feb. 27, 2023) (holding that relief under § 1495 cannot be granted without plaintiff having been granted a certificate of innocence).

Not only does Ms. Miller fail to affirmatively allege her innocence, she also fails to provide the Court with a certificate of innocence. Consequently, the Court lacks subject-matter jurisdiction to review Ms. Miller's unjust conviction claim. *See Abu-Shawish v. United States*, 120 Fed. Cl. 812, 813 (2015) (dismissing the Complaint because plaintiff had "not alleged that she [had] obtained a certificate of innocence from the [district court] or that her innocence [had] been otherwise established."); *see also Sykes v. United States*, 105 Fed. Cl. 231, 233 (2012)

---

[1] 28 U.S.C. § 1495 provides: "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned."

[2] 28 U.S.C. § 2513(a) provides that any person suing under section 1495 "must allege and prove that:

> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution."

("[A]n unjust conviction and imprisonment claim must be established by either a certificate granted by the court of conviction or a pardon.").

When her pleading is liberally construed, Ms. Miller's alleges a host of other claims, including mishandling by the judicial system in West Virginia, tortious actions from the West Virginia prison system, and harassment by local law enforcement. (*See generally* Compl.). For instance, Ms. Miller alleges that while she was incarcerated, she "[f]ell due to water leaking from the hot water machine on the floor no wet floor signs." (*Id.* at 9). Ms. Miller alleges that, as a result of her "unjust conviction," she suffered "loss of liberty, emotional distress, negative health consequences, wrongful solitary confinement, and loss of the companionship [, and] [l]oss of time with family." (*Id*. at 14). As relief, she requests: "[r]emedy process filed on 2255 but unable to receive an answer due to the fact that I have an attorney and direct appeal file. Interference with my patent work. Health conditions and continued deterioration. Pre[-]existing conditions that after injury from accident and COVID have worsened." (*Id.* at 15). No remaining claim or requested relief invokes the Court's jurisdiction.

Ms. Miller overlooks the fact that the Tucker Act only provides the Court with jurisdiction over claims against the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941). The Court of Federal Claims may not "review the decisions of state courts, federal bankruptcy courts, federal district courts, or federal circuit courts of appeals." *McLarnon v. United States*, 154 Fed. Cl. 459, 462 (2021) (internal citations omitted). Thus, any grievances Ms. Miller may have with the judicial process to this point are not subject to review by this Court. Further, any allegations regarding the behavior of government officials, whether it be prison employees or local law enforcement, are also beyond the jurisdiction of this Court. *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) ("This court does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees"); *Cato v. United States*, 141 Fed. Cl. 140, 143 (2018) (finding that the Court "cannot hear plaintiff's claims raised against the State of Texas, the City of Houston, the City of Houston Police Department, and the arresting officer"). Even when the Court assumes the facts Ms. Miller alleges are true, it is also well-established that this Court lacks jurisdiction to hear any allegations which sound in tort. 28 U.S.C. § 1491(a)(1); *see also Sanchez v. United States*, No. 19-1729, 2020 WL 201727 (Fed. Cl. Jan. 13, 2020) (dismissing claims of theft, trespass, and financial losses pursuant to the Tucker Act).

Finally, Ms. Miller alleges that her business "SMUTHCENTZ LLC" lost revenue and "IP Rights from her patent on candles." (Compl. at 14). This claim fails for two reasons. First, pursuant to RCFC 83.1(a)(3), an individual who is not an attorney may not represent a corporation before this Court. *See Talasila, Inc. v. United States*, 240 F.3d 1064, 1066 (Fed. Cir.) (holding that corporate entity must be represented by counsel to pursue its claim against the United States.). To the extent Ms. Miller is attempting to represent her business in a pro se capacity, she is prohibited from doing so. Second, the Court of Federal Claims has jurisdiction over patent cases where the United States government uses, makes, or sells a patented invention without the permission of the patent holder. 28 U.S.C. § 1498. Ms. Miller's claims related to her "patent papers," (Compl. at 9), appear to stem from interference with her mail during incarceration, and she does not identify any sort of involvement from the United States. Because

of such deficiencies, claims related to Ms. Miller's patent must be dismissed. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007) (requiring pleading to provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

For the stated reasons, Ms. Miller's Complaint, (ECF No. 1), is **DISMISSED** for lack of subject-matter jurisdiction under RCFC 12(h)(3), and Ms. Miller's Motion for Leave to Proceed *in forma pauperis*, (ECF No. 7), is **GRANTED**. The Clerk **SHALL** enter judgment accordingly. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith because, as alleged, Plaintiff's claims are outside the jurisdiction of this Court and incurable. The Clerk is **DIRECTED TO REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge